1

**McGuireWoods LLP**
Sabrina A. Beldner (SBN 221918)
Email: sbeldner@mcguirewoods.com
Selwyn Chu (SBN 285568)
Email: schu@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendant
FERGUSON ENTERPRISES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA LIZARES DE MADRIGAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FERGUSON ENTERPRISES, LLC, a Virginia limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>[Los Angeles Superior Court Case No. 24STCV32506]<br><br>**DEFENDANT FERGUSON ENTERPRISES, LLC'S, NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[*SUPPORTING DECLARATION OF TERESA COOPER FILED UNDER SEPARATE COVER*]** |

1
DEFENDANT FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2  **CENTRAL DISTRICT OF CALIFORNIA:**

3        PLEASE TAKE NOTICE that Defendant FERGUSON ENTERPRISES, LLC
4  ("Ferguson" or "Defendant"), by and through its undersigned counsel, hereby removes
5  the above-entitled action from the Superior Court of the State of California in and for
6  the County of Los Angeles (the "State Court"), in which the action is currently pending,
7  to the United States District Court for the Central District of California on the grounds
8  that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332,
9  1441, 1446 and all other applicable bases for removal.  In support of this Notice of
10 Removal, Defendant avers as follows:

11                 **PLEADING AND PROCEDURES**

12       1.     On December 10, 2024, Plaintiff Teresa Lizares de Madrigal ("Plaintiff")
13 filed an unverified Complaint (the "Complaint") in State Court commencing this civil
14 action against Defendant in a case styled *TERESA LIZARES DE MADRIGAL, an*
15 *individual v. FERGUSON ENTERPRISES, LLC, a Virginia limited liability company;*
16 *and DOES 1 through 100, inclusive*, Case No. 24STCV32506 (the "State Court
17 Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

18       2.     On January 8, 2025, Defendant was personally served with the Complaint
19 and Summons in the State Court Action.  A true and correct copy of the Summons
20 served on Defendant is attached hereto as **Exhibit B**.

21       3.     The following additional documents from the State Court Action were
22 served, personally or otherwise, upon Defendant, true and correct copies of which are
23 attached hereto as the Exhibits identified below:

24               **Exhibit C:**  Civil Case Cover Sheet
25               **Exhibit D:**  Civil Case Cover Sheet Addendum and Statement of
26                       Location
27               **Exhibit E:**  Notice of Case Assignment – Unlimited Civil Case
28               **Exhibit F:**  Alternative Dispute Resolution Information Package

1                 **Exhibit G:** Notice of Posting of Jury Fees

2       4.       Defendant is informed and believes that the following additional

3 documents are also on file in the State Court Action, which are attached hereto as the

4 Exhibits identified below:

5                 **Exhibit H:** Notice of Case Management Conference

6                 **Exhibit I:** Proof of Personal Service

7       5.       On February 3, 2025, Defendant filed an Answer to Plaintiff's Complaint

8 in the State Court Action, a true and correct copy of which is attached hereto as **Exhibit**

9 **J**.

10       6.       Defendant is informed and believes that the aforementioned documents

11 and exhibits constitute all of the process, pleadings, and orders on file in the State Court

12 Action.

13       7.       Defendant is informed and believes that it is the only defendant that has

14 been properly served with process in the State Court Action. Defendants DOES 1

15 through 100 have yet to be identified and are therefore disregarded for purposes of this

16 removal. 28 U.S.C. § 1441(a).

17                      **TIMELINESS OF REMOVAL**

18       8.       This action has not previously been removed to federal court.

19       9.       This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which

20 provides that such Notices "shall be filed within 30 days after the receipt by the

21 defendant, through service or otherwise, of a copy of the initial pleading setting forth

22 the claim for relief upon which such action or proceeding is based." Defendant has

23 filed this Notice of Removal within 30 days of January 10, 2025, the date on which

24 Plaintiff served Defendant with the Complaint. Accordingly, this action is being

25 removed within 30 days of the first date upon which Defendant was served, through

26 service or otherwise, with any paper giving them knowledge that the action was indeed

27 removable.

28

3

1

2
## REMOVAL JURISDICTION – DIVERSITY

3
10.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28

4
U.S.C. § 1441(b), and all other applicable bases for removal.  As required by 28 U.S.C.

5
§ 1441, Defendant seeks to remove this case to the United States District Court for the

6
Central District of California, which is the District Court embracing the place where

7
the State Court Action was filed.

8
11.    Defendant is the only named defendant in this action and has been

9
properly served with process in the State Court Action.  Accordingly, Defendant is the

10
only defendant needed to join and consent to this removal.

11
12.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §

12
1332(a), and it is an action that may be removed to this Court by Defendant, because:

13
(1) there is complete diversity of citizenship between Plaintiff, on the one hand, and

14
Defendant, on the other hand; and (2) the amount-in-controversy exceeds $75,000,

15
exclusive of interest and costs.

16
13.    In accordance with 28 U.S.C. § 1446(d), Defendant will provide

17
contemporaneous written notice of this Notice of Removal to all adverse parties and to

18
the Clerk of the State Court.

19
## CITIZENSHIP OF PARTIES

20
14.    **Plaintiff's Citizenship.**  The Complaint alleges that Plaintiff "*is* and, at

21
all times relevant to the matters alleged herein, has been over the age of 18 and a

22
resident of Los Angeles County." *See* Exh. A (Complaint), ¶ 1 (emph. added).  Indeed,

23
according to Plaintiff's personnel forms, Plaintiff's address of record from at least 2020

24
until her termination in June 2024) was a residential address in La Puente, California.

25
*See* Declaration of Teresa Cooper ("Cooper Decl."), ¶ 4. This is also the address at

26
which Plaintiff received her 2020 through 2024 W-2 tax forms from Ferguson.  *Id.*

27
Additionally, Defendant is informed and believes based on publicly-accessible

28
property records that Plaintiff is the current property owner of the home at that very

same La Puente, California address.  Furthermore, from 2020 until her termination in June 2024, Plaintiff received her wages from Ferguson via direct deposit at a bank account of her designation in California.  Cooper Decl., ¶ 4.   Based on Plaintiff's admissions and the foregoing information, Defendant is informed and believes and thereon alleges that Plaintiff is currently domiciled in California and intends to indefinitely remain living continuously in California.   Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of traditional diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g.*, *Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship for purposes of removal "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

15.    **Defendant's Citizenship.**  As a limited liability company, Defendant is a citizen of every state of which its owners/members are a citizen.  *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is deemed to be a citizen of every state of which its owners/members are citizens).  Defendant is a Virginia limited liability company with its principal place of business in Newport News, Virginia.  *See* California Secretary of State Business Search at https://bizfileonline.sos.ca.gov/search/business (Entity Name Searched: "Ferguson Enterprises, LLC").   Its sole owner/member is Ferguson US Holdings, Inc., which is incorporated in Virginia, and which has its principal place of business also in Newport News, Virginia.  *See* Cooper Decl., ¶ 5; *see also* California Secretary of State Business Search at https://bizfileonline.sos.ca.gov/search/business (Entity Name Searched: "Ferguson US Holdings, Inc.").  Thus, Defendant was and is a citizen of the State of Virginia for the purpose of determining minimum diversity

1  jurisdiction.[1]  28 U.S.C. § 1332(d)(2).

2  **AMOUNT IN CONTROVERSY**

3     16.    An action may be removed to and remain in federal court if the defendant

4  establishes, by a preponderance of the evidence, that the aggregate amount-in-

5  controversy exceeds the jurisdictional amount.  *See Abrego Abrego v. Dow Chemical*

6  *Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors*

7  *Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).[2]  To satisfy the preponderance of the

8  evidence test, a defendant must demonstrate ***only*** that "it is more likely than not" that

9  the amount-in-controversy is satisfied.  *See Sanchez v. Monumental Life Ins. Co.*, 102

10 F.3d 398, 404 (9th Cir. 1996).  However, evidentiary submissions are **not** required ***at***

11 ***the time of removal***.  *See Arias*, 936 F.3d at 925 (holding that defendant need not prove

12 the amount in controversy in notice of removal).  "Instead, evidence showing the

13 amount in controversy is required '*only when* the plaintiff contests, or the court

14 questions, the defendant's allegation.'"  *Id.* (emph. added).

15    17.    Indeed, when a defendant seeks to remove an action to federal court on

16 grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation

17 should be accepted [as true] when not contested by the plaintiff or questioned by the

18 court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 135 S.Ct.

19 547, 553 (2014); *Arias*, 936 F.3d at 927 ("[A]ssumptions made part of the defendant's

20 chain of reasoning need not be proven; they instead must only have 'some reasonable

21 ground underlying them.'").  At the time of removal, the removing defendant's burden

22 of establishing that the amount in controversy exceeds $75,000 is not daunting and

23 does not require the defendant to do extensive research or prove the plaintiff's

24

25    [1] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*,
26 Defendant expressly reserves and does not waive its right to supplement and/or amend
   its removal submissions to present additional information regarding Defendant's
   citizenship to demonstrate the existence of the requisite diversity between the parties.

27    [2] *See, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019)
28 ("A district court may not remand the case back to state court without first giving the
   defendant an opportunity to show by a preponderance of the evidence that the
   jurisdictional requirements are satisfied.").

1    damages.  *See, e.g.*, *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, *16 (C.D. Cal.

2    May 9, 2011) (Matz, J.).  Thus, "a defendant's notice of removal need include only a

3    plausible allegation that the amount in controversy exceeds the jurisdictional

4    threshold." *Dart Cherokee*, 135 S.Ct. at 554.

5        18.    A plaintiff's complaint is a court's "first source of reference in

6    determining the amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales,*

7    *LLC*, 775 F.3d 1200, 1202 (9th Cir. Jan. 8, 2015) (citing *St. Paul Mercury Indem. Co.*

8    *v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  In determining whether the amount-in-

9    controversy exceeds $75,000, the court must presume that the plaintiff will prevail on

10    each and every claim asserted in his or her complaint.  *See Kenneth Rothschild Trust*

11    *v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (Morrow,

12    J.).  The ultimate inquiry asks what amount is put "in controversy" by the operative

13    complaint—not what a court or jury might later determine to be the actual amount of

14    damages, if any.  *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir.

15    2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but

16    only estimating the damages that are in controversy," because "jurisdiction must be

17    analyzed on the basis of pleadings filed at the time of removal").[3]  The court may also

18    look beyond the complaint to determine whether the amount-in-controversy is met, if

19    necessary.  *See Abrego Abrego*, 443 F.3d at 690.

20        19.    The amount in controversy may include general and special compensatory

21    damages.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018);

22    *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002).  Further, when

23    attorneys' fees are authorized by statute, they are appropriately part of the calculation

24

25        [3] *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394,
26    399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is]
     the sum put in controversy by the plaintiff's complaint"); *see also Wilder v. Bank of*
27    *Am.*, 2014 WL 6896116, *4 (C.D. Cal. Dec. 5, 2014) (Morrow, J.) (determining
     amount in controversy requires that court assume that the allegations of the complaint
28    are true and that a jury will return a verdict for the plaintiff on all claims made in the
     complaint because the ultimate inquiry is what amount is put "in controversy" by the
     complaint, not what a defendant will actually owe).

of the "amount in controversy" for purposes of removal. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court **must** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses *all* relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)). The amount-in-controversy may also include punitive damages and emotional distress. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske,* 432 F.3d at 980.

### ***Plaintiff's Complaint Facially Alleges Damages in Excess of the Jurisdictional Threshold***

20.    In this action, Plaintiff's Complaint asserts fifteen separate claims for: (1) disability discrimination in violation of Government Code §§ 12940 *et seq.*; (2) failure to prevent discrimination in violation of Government Code § 12940(k); (3) failure to accommodate physical disability in violation of Government Code § 12940(m); (4) failure to engage in a good faith interactive process in violation of Government Code § 12940(n); (5) retaliation in violation of Government Code §§ 12940 *et seq.*; (6) retaliation in violation of Labor Code § 6310; (7) retaliation in violation of Government Code § 12945.2(i); (8) wrongful termination in violation of public policy; (9) negligent hiring, supervision, and retention; (10) failure to pay wages due; (11) failure to pay for rest periods not provided in violation of Labor Code § 226.7 and IWC Wage Order No. 9; (12) failure to pay for meal periods not provided in violation of Labor Code § 512 and IWC Wage Order No. 9; (13) failure to provide accurate itemized wage statements in violation of Labor Code § 226(a);   (14) waiting time

penalties in violation of Labor Code §§ 201 and 202; and (15) unfair competition in violation of California Business and Professional Code §§ 17200 *et seq.*

21.    On its face, Plaintiff's Complaint ***explicitly*** seeks general damages for her FEHA, retaliation in violation of Labor Code, and tort claims only, "in an amount not less than $1,000,000.00."  *See* Exh. A (Complaint) at ¶¶ 29, 35, 44, 62, 69, 84, 96, Prayer for Relief, ¶ 3. Plaintiff's Complaint also ***explicitly*** seeks the following:

(a) consequential damages for her FEHA and wrongful termination claims "in an amount ***not less than*** $14,700.00."  *See* Exh. A. (Complaint), ¶¶ 27, 54, 60, 78, 85, Prayer for Relief, ¶ 1 (Emph. added).

(b) "consequential damages, due to Employers' wrongful reduction in Plaintiff's hours" "in an amount ***not less than*** $5,600.00"; *Id.* at ¶¶ 28, 55, 61, Prayer for Relief, ¶ 2 (Emph. added);

(c) "compensation of one hour at the regular rate of pay for each rest period denied" "in an amount ***not less than*** $1,505.00" *Id.* at ¶ 104, Prayer for Relief, ¶ 4 (Emph. added);

(d) "compensation of one hour at the regular rate of pay for each meal period denied" "in amount ***not less than*** $1,505.00" *Id.* at ¶108, Prayer for Relief, ¶ 5 (Emph. added).

(e) "inaccurate wage statement statutory damages pursuant to Cal. Lab. Code § 226 . . . in an amount ***not less than*** $4,000.00" and "waiting time penalties" "in an amount ***not less than*** $4,200.00" *Id.* at ¶¶ 111, 114, Prayer for Relief, ¶¶ 6, 8 (Emph. added).

22.    Therefore, Plaintiff's Complaint facially admits that she is seeking, ***at minimum***, <u>**$1,031,510**</u>, plus an unspecified amount for punitive damages, statutory penalties pursuant to Cal. Lab. Code § 558, and attorneys' fees.  *Id.* at Prayer for Relief ¶¶ 7, 11-12, 14.  All of these sums are properly included (and must be considered) in the amount in controversy, and would necessarily increase the $1,031,510 in damages Plaintiff explicitly claims is at issue in her Complaint.

23.    Assuming for purposes of removal ***only*** that Plaintiff will prevail on her claims in the Complaint and obtain the damages she seeks, Plaintiff's Complaint facially seeks, and thus Defendant has established by a preponderance of evidence that the amount-in-controversy far exceeds $75,000.[4]  *See e.g., Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008) (holding that "[a]llegations in a complaint are considered judicial admissions); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (the "starting point" to evaluating whether the amount in controversy requirement has been met is whether it is "facially apparent" from the complaint that the amount in controversy is satisfied); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (holding that plaintiff's judicial admissions that his case was worth "considerably more" than $50,000 satisfied then-applicable amount in-controversy requirement for diversity jurisdiction); *Martirosyan v. BMW Fin. Servs. NA, LLC*, No. CV 24-5413-JFW(ASX), 2024 WL 3886100, at *2 (C.D. Cal. Aug. 16, 2024) (Walter, J.) (holding that "[b]ecause Plaintiff's Complaint affirmatively alleged an amount in controversy greater than the federal jurisdictional threshold, the amount-in-controversy requirement was 'presumptively satisfied' unless it appeared to a 'legal certainty' that the plaintiff could not have actually recovered that amount."); *Diaz v. Ford Motor Co.*, 2020 WL 6363836, *3 (C.D. Cal. Oct. 29, 2020) (Bernal, J.) (finding amount in controversy requirement was satisfied where plaintiff's complaint alleged the jurisdictional minimum on its face); *Varma v. Nationstar Mortg. LLC*, 2018 WL 3425018, *3 (C.D. Cal. July 11, 2018) (Bernal, J.) (holding that the jurisdictional amount in controversy was satisfied where plaintiffs' complaint expressly sought $1,500,000 in damages and plaintiffs did not argue to a legal certainty that the damages

---

[4] The amount in controversy calculations, as set forth below, are based on an assumption *for purposes of removal only* that the allegations of Plaintiff's Complaint regarding his theories of liability are true, but *without any type of express or implied admission* that the conduct alleged in the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[R]emovability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

1  were less than the jurisdictional minimum).

2  24.    Accordingly, because there is diversity of citizenship between Plaintiff

3  and Defendant, and because Plaintiff's Complaint facially seeks damages far in excess

4  of the $75,000 jurisdictional threshold, Defendant may remove this action pursuant to

5  28 U.S.C. §§ 1332 and 1441(b) because this action is one over which the United States

6  District Courts have original jurisdiction by reason of the diversity of citizenship of

7  the parties.  Furthermore, this Notice of Removal is timely as it is being filed less than

8  30 days after the effective date of service of the Complaint on any named defendants

9  in this action.

10  ***Even if Plaintiff's Complaint Did Not Specify the Damages She Seeks to Recover,***

11  ***Her Alleged Damages Still Exceed the $75,000 Jurisdictional Threshold***

12  25.    Alternatively, even if Plaintiff did not specify the total amount of damages

13  she seeks to recover (which she did), Plaintiff's alleged damages ***still*** exceed the

14  $75,000 amount in controversy jurisdictional threshold.

15  ***Compensatory Damages***

16  26.    In her Complaint, Plaintiff alleges that she worked for Defendant from

17  2010 until on or about June 18, 2024.  *See* Exh. A (Complaint), ¶ 10.  Plaintiff also

18  alleges that Defendant wrongfully terminated her employment on June 18, 2024.  *Id.*

19  at ¶ 22.

20  27.    The Complaint avers that, that as a result of Defendant's conduct, she "has

21  suffered ***and continues to suffer substantial losses in income***, earnings, and benefits

22  and has been damaged in her capacity to earn a salary, and she has lost and will

23  continue to lose employment benefits."  *Id.* at ¶¶ 26, 43, 53 (Emph. added).

24  Accordingly, Plaintiff's Complaint seeks "substantial" past and ***future*** lost earnings,

25  lost employment benefits, and lost earning capacity.

26  28.    Notably, the amount in controversy is not limited to damages incurred

27  prior to removal.  Instead, as the Ninth Circuit has held, the amount in controversy

28  calculation properly includes lost wages incurred ***after the time of removal*** where, as

DEFENDANT FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

here, they are expressly prayed for as relief in the operative pleading. *See Chavez*, 888 F.3d at 417-18 (holding that lost wages incurred after removal were appropriately included in the amount in controversy since they were claimed at the time the case was removed by defendant). Indeed, in determining the amount in controversy, it is appropriate to consider the amount of lost wages through the time of trial. *See, e.g.*, *Walker v. Aetna Health & Life Ins. Co.*, 2021 WL 2661449, *8 (E.D. Cal. June 29, 2021) ("Defendants are correct that the amount in controversy calculation properly includes lost wages through trial, since a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction'"); *Fisher v. HNTB Corp.*, 2018 WL 6323077, *4 (C.D. Cal. Dec. 3, 2018) (Birotte, J.) (one year of post-removal lost earnings accepted as "date of trial" estimate and held to be properly included in the amount of controversy); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, *3-4 (E.D. Cal. Sept. 11, 2013) (post-removal lost earnings through trial properly included in the amount in controversy).

29. At the time of Plaintiff's termination, Plaintiff was a full-time employee earning an hourly rate of pay of $17.95 per hour. *See* Cooper Decl., ¶ 3. While employed by Ferguson, Plaintiff ordinarily worked at least 40 hours per week, plus periodic overtime, and she also availed herself of certain company-provided benefits, including 401(k) participation. *Id*. Thus, before her termination, Plaintiff earned approximately $718.00 per week based on a 40-hour workweek, *without including overtime, or the value of other employment benefits*.[5]

30. For purposes of removal, and despite Plaintiff seeking what she describes as "substantial" lost earnings to also include ***future*** lost earnings, earning capacity and

---

[5] If challenged, Defendant expressly reserves and does not waive its right to supplement and/or amend its removal submissions to rely on other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy, including, without limitation, by including any lost benefits in calculating the amount in controversy—which would ***increase*** the amount in controversy. *See Arias*, 936 F.3d at 922 ("a removing defendant's notice of removal 'need not contain evidentiary submission'"); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534-35 (9th Cir. Mar. 20, 2012) (holding court erred in refusing to consider evidence of amount in controversy submitted *after* removal in response to a remand motion).

employment benefits, Defendant conservatively calculates Plaintiff's past lost wages claim from June 18, 2024 through the date of Defendant's filing of its Notice of Removal (i.e., February 6, 2025) *only*, at Plaintiff's hourly rate at the time of her termination in June 2024.  Based on this estimate, Plaintiff's past lost wages amount in controversy is ***conservatively*** estimated to be not less than **$23,694.00** [1,320 hours (approximately 33 weeks [June 18, 2024 – February 6, 2025] x approximately 40 hours/week) x $17.95/hour], particularly since it is *exclusive of overtime*.

31.    Defendant further estimates Plaintiff will have ***future*** lost wages (which her Complaint expressly seeks) for only a period of four additional months, from the date of Defendant's filing of its Notice of Removal (February 6, 2025) through June 6, 2025 (*i.e.*, less than one year after Plaintiff's termination and just seven months after the Complaint was filed).  Based on this estimate, and without calculating any additional lost wages through trial that Plaintiff is seeking, and without including any valuation for Plaintiff's employment benefits, or claimed lost earning capacity for which she expressly seeks compensatory damages, the amount in controversy on Plaintiff's future lost wages claim from February 6, 2025 through June 6, 2025 is **$12,206.00** [680 hours (approximately 17 weeks [February 6, 2025 – June 6, 2025] x approximately 40 hours/week) x $17.95/hour], *exclusive of overtime*.[6]

_____

[6] These figures are ***extremely*** conservative and in fact ***severely*** underestimated because, as the Ninth Circuit has made clear, lost wages are calculable ***through the time of trial***, and here, Defendant is only relying on Plaintiff's purported lost wages through June 6, 2025, *i.e.*, approximately twelve months after Plaintiff's termination date (and just four months post-removal).  *See, e.g., Zamudio v. Aerotek, Inc.*, 2022 WL 458059, *3 (E.D. Cal. Feb. 15, 2022) (accepting calculation of ***160 weeks*** of post-removal lost wages in amount-in-controversy calculation); *Thayer v. Securitas Sec. Servs. USA, Inc.*, 2021 WL 1263837, *2 (C.D. Cal. Apr. 6, 2021) (Wright II, J.) (accepting estimate of lost wages from the date of plaintiff's termination until the date set  for trial); *Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, *3 (C.D. Cal. Feb. 14, 2020) (Wright II, J.) (one year of post-removal lost earnings accepted as "conservative estimate" properly included in the amount of controversy); *Fisher*, 2018 WL 6323077, at *4  (one year of post-removal lost earnings accepted and included in the amount of controversy); *Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, *4 (C.D. Cal. May 30, 2014) (Carter, J.) (removing defendant properly estimated lost wages through trial); *Tiffany*, 2013 WL 4894307, at *3-4 (accepting calculation of ***108 weeks*** of post-removal lost wages through date of trial as appropriately included in amount-in-controversy calculation).

32.    Consequently, without including future lost wages beyond June 6, 2025 (and through trial), and without including any lost overtime or other employment benefits that Plaintiff also seeks in this action (which Defendant reserves the right to include if its amount-in-controversy calculations are challenged), or any sums for lost earning capacity claimed by Plaintiff, the amount in controversy on Plaintiff's prayer for ***past and future lost wages*** from June 18, 2024 to June 6, 2025 is reasonably calculated to be **$35,900.00**.

### *Emotional Distress Damages*

33.    Plaintiff also seeks to recover damages for her purported emotional distress. *See* Exh. A (Complaint), ¶¶ 35, 62, 67, 84, 95.  In her own Complaint, she places the value of her emotional distress damages at "an amount not less than $1,000,000," which is far more than the requisite amount in controversy.  *Id.* at ¶ 35.

34.    Emotional distress damages are appropriately considered by the Court in determining whether the amount in controversy is satisfied for purposes of removal. *Kroske*, 432 F.3d at 980; *see also, e.g.*, *Simmons*, 209 F.Supp.2d at 1034.  In *Kroske*, 432 F.3d at 980, the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy where the plaintiff's wage loss was only $55,000.  Accordingly, based on Plaintiff's Complaint and the estimate accepted by the Ninth Circuit in *Kroske* (a 2005 case that has not accounted for the inflation in the 19 years since the *Kroske* decision issued), Defendant conservatively estimates that the minimum value of Plaintiff's emotional distress damages for "pain and suffering," if she were to prevail (as must be presumed for purposes of removal), would be ***at least* $25,000.00** for purposes of calculating the reasonable amount in controversy in this action.[7]

---

[7] *See Johnson v. Wal-Mart Assocs., Inc.*, 2023 WL 2713988, *7 (C.D. Cal. Mar. 30, 2023) (Fitzgerald, J.) (finding that at least $25,000 was at issue for emotional distress damages  where plaintiff expressly sought damages for "pain and suffering") (Fitzgerald, J.); *Narayan v. Compass Grp. USA, Inc.*, 284 F.Supp.3d 1076, 1092 (E.D. Cal. 2018) (denying remand and finding that $25,000 constituted a "minimal award of emotional distress damages" where plaintiff sought unspecified damages for emotional distress); *Liemandt v. Mega RV Corp.*, 2011 WL 2912831 (Cal. Super. Ct.

*Punitive Damages*

35.    Plaintiff also seeks punitive damages in connection with her claims.  *See* Exh. A (Complaint), ¶¶ 31, 37, 45, 57, 64, 80, 87, Prayer for Relief, ¶ 14.

36.    The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law.  *See Gibson*, 261 F.3d at 945.  District courts routinely find that "the potential for large punitive damage awards" in employment cases satisfies the $75,000 amount in controversy without even considering other damages. *See Simmons*, 209 F.Supp.2d at 1033; *see also, e.g.*, *Chambers v. Penske Truck Leasing Corp.*, 2011 WL 1459155, *4 (E.D. Cal. Apr. 15, 2011) (finding that amount in controversy was satisfied because "punitive damages in employment matters may be substantial").  Furthermore, punitive damages verdicts on claims similar to Plaintiff's claims here typically far exceed the $75,000 jurisdictional minimum **on their own**. *See, e.g.*, *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375, *10-18 (Cal. Ct. App. Apr. 23, 2009) (affirming *$2 million* punitive damages award on plaintiff's FEHA discrimination/wrongful termination claims).

37.    In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the U.S. Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." While Defendant could easily utilize the 2:1 ratio that *State Farm* found to be "instructive," other courts in this district have held that a 1:1 ratio between punitive damages and compensatory damages "provides a reasonable, if not 'conservative,' estimate for assessing punitive damages for purposes of calculating the

Feb. 4, 2011) ($385,000 emotional distress award to plaintiff for wrongful termination); *Grodzik v. Calif. Conservation Corps.*, 2010 WL 2734467 (Cal. Super. Ct. June 15, 2010) ($100,000.00 emotional distress award to plaintiff on retaliation claims); *Lemke v. BCI Coca-Cola of Los Angeles*, 2004 WL 5825304 (Cal. Super. Ct. Dec. 1, 2004) ($135,000.00 emotional distress damages awarded in wrongful termination/retaliation action).

amount in controversy.  *See, e.g., Johnson*, 2023 WL 2713988 at *7.  Utilizing the smallest ratio of 1:1 (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the compensatory damages at issue in this action ***as alleged herein*** (which do not include lost wages or employment benefits through trial), the ***minimum*** punitive damages award in this action is approximately **$60,900.00** [($35,900.00 + $25,000.00) = $60,900.00].

### *Statutory Attorneys' Fees*

38.    Plaintiff also seeks statutory attorneys' fees in connection with her claims. *See* Exh. A (Complaint), ¶¶ 36, 46, 58, 111; Prayer for Relief, ¶¶ 11-12.

39.    In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal.  *Fritsch*, 899 F.3d at 794; *see Galt*, 142 F.3d at 1155-56 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Indeed, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added).

40.    The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in discrimination, retaliation, and wrongful termination cases, like this action, should indicate that it is "more likely than not" that Plaintiff will seek an attorneys' fees award of ***at least* $75,000.00** if this case is litigated to judgment in a jury trial.[8]  Likewise, based on its own past litigation experience, Defendant reasonably estimates at this juncture that its own attorneys' fees to defend this action through a jury trial and post-trial motions will be well ***over* $75,000.00**.

41.    Notwithstanding the above, Defendant ***conservatively*** estimates that

---

[8] *See, e.g., Lopez,* 2009 WL 1090375, at *18-21 (affirming trial court's award of $1 million in attorneys' fees in wrongful termination action); *Crawford v. DirecTV, Inc.*, 2010 WL 5383296 (Cal. Super. Ct. Sept. 29, 2010) (awarding approximately $160,000 in attorneys' fees in wrongful termination action where the plaintiff's recovered damages were only $175,000).

DEFENDANT FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Plaintiff's statutory attorneys' fees to litigate this action through a jury trial would be *at least* **$30,000.00** ($300 [rate per hour] x 100 hours [hours estimate]) = $30,000.00] for purposes of calculating the reasonable amount in controversy. *See Rowell v. United Parcel Serv., Inc.*, 2023 WL 6808377, at *4 (C.D. Cal. Oct. 13, 2023) (Wright II, J.) (finding $30,000 based on $300 per hour and a 100-hour estimate is "a reasonable estimate for the attorneys' fees in controversy" in a single-plaintiff discrimination case); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *4 (C.D. Cal. Feb. 11, 2016) (Wright II, J.) (concluding that $30,000 is a "conservative estimate" in single-plaintiff discrimination case); *Crockett v. Wal-Mart Assocs., Inc.*, 2024 WL 516713,*4 (E.D. Cal. Feb. 9, 2024) (using a "reasonable rate" of $300 per hour and "an appropriate estimate" of 100 hours for amount in controversy); *Owuor v. Wal-Mart Assocs., Inc.*, 2022 WL 1658738, *3 (E.D. Cal. May 25, 2022) (same).

### *Summary Of Amount In Controversy*

39.    Based on the foregoing, and excluding for purposes of this removal any overtime compensation, any lost employment benefits to which Plaintiff claims to be entitled, any future lost wages beyond *June 6, 2025*, and any lost "earning capacity" also sought by Plaintiff, and without considering Plaintiff's plain allegations that there is over $1,000,000 in damages presently at issue, the amount in controversy on Plaintiff's Complaint far exceeds the $75,000 jurisdictional threshold, as follows:

| Damages/Amounts Claimed | Amount in Controversy |
| --- | --- |
| Past/Future Lost Wages, exclusive of benefits | $35,900.00 |
| Emotional Distress Damages | $25,000.00 |
| Punitive Damages (1:1 ratio of compensatory damages) | $60,900.00 |
| Statutory Attorneys' Fees | $30,000.00 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$151,800.00[9]** |

---

[9] This amount is underestimated, as Plaintiff (through counsel) conveyed a *higher* six-figure demand on January 17, 2025 to resolve her claims in the Complaint.

**<u>VENUE</u>**

40.    This is a civil action originally filed in State Court in Los Angeles County, California.  Defendant is informed and believes the events allegedly giving rise to this action occurred within this judicial district.  Venue lies in this Court because the action is pending in this district and division.  *See* 28 U.S.C. § 1441(a).

41.    Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by Defendant of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, including its right to compel individual arbitration of the claims asserted in this action, all of which are hereby fully and expressly reserved.


WHEREFORE, Defendant hereby removes the above-captioned action now pending in the State Court to this United States District Court.


DATED: February 6, 2025          **McGuireWoods LLP**


By: /s/ Sabrina Beldner
_____
Sabrina A. Beldner, Esq.
Selwyn Chu, Esq.

Attorneys for Defendant
FERGUSON ENTERPRISES, LLC

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On February 6, 2025, I served the following document(s) described as **DEFENDANT FERGUSON ENTERPRISES, LLC'S, NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Kevin A. Lipeles                                           *Attorney for* Teresa Lizares De Madrigal
Thomas H. Schelly
LIPELES LAW GROUP, APC
880 Apollo St., Suite 336
El Segundo, California 90245

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐    **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above addressees. (C.C.P. § 1010.6)

☐    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 6, 2025, at Los Angeles, CA.

_____
Matthew Whitney

DEFENDANT FERGUSON ENTERPRISES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT